IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTHONY L JOHNSON,

    Plaintiff,

v.                        CASE NO. 5:15-cv-00134-MP-CJK

BAY COUNTY JAIL, et al.,

    Defendants.

_____/

**O R D E R**

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated February 2, 2016. (Doc. 8). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). The time for filing objections has passed, and none have been filed.

Having considered the Report and Recommendation, I have determined that the Report and Recommendation should be adopted. On December 21, 2014, the Defendant was arrested by the Panama City Police Department for the facts which form the basis of the federal charge in 5:15-cr-00009 -- possession of a firearm by a convicted felon and possession with intent to distribute various drugs which were found in his car after a traffic stop. He was detained at Bay County Jail.

In March of 2015, he was indicted by the federal authorities, given his first appearance, and apparently returned to Bay County Jail. According to the complaint in the instant case, the state charges were dropped when the federal ones were filed. The undersigned concludes that

Mr. Johnson remained at Bay County Jail after his federal first appearance because, in June of 2015, Mr. Johnson filed the 42 U.S.C. § 1983 complaint in the instant case, 5:15-cv-00134, and attached to the complaint was the envelope he used, bearing a return address of the Bay County Jail.

The complaint attacked the very traffic stop that led to his federal criminal charge, arguing that it was pretextual and without probable cause.  In the criminal case, the defendant moved to suppress that evidence, Doc. 22 in 5:15-cv-00009, raising the same arguments that he raised in his complaint in 5:15-cv-00134.  Judge Walker denied the motion to suppress in open court on August 3, 2015, and defendant entered a guilty plea the same day.  On November 2, 2015, defendant was sentenced to 120 months on each count, with them running concurrently.

On November 18, 2016, the Magistrate Judge in 5:15-cv-00134 sent an order granting in forma pauperis status to Mr. Johnson to the address Mr. Johnson had on file in that case -- the Bay County Jail.  Mr. Johnson never changed his address to the federal penitentiary he was likely sent to shortly after his November 2, 2015, sentencing hearing.  When that order was returned undeliverable, the Magistrate Judge entered a Report and Recommendation, Doc. 8, that the case be dismissed without prejudice for failing to keep his address current with the Court.

While it might seem awkward to penalize Mr. Johnson for not giving the Court his address when the Court was handling his criminal case simultaneously, this case will be dismissed because it bears little chance of success anyway.  Mr. Johnson is attacking a traffic stop and search that Judge Walker has ruled were supported by probable cause in the criminal case.  Also, Mr. Johnson pled guilty to the crimes charged as a result of the stop so, under Heck v. Humphrey, 512 U.S. 477 (1994) and its progeny, he would need to invalidate that conviction somehow before he could win damages as a result of the arrest.  He voluntarily dismissed his

appeal in the criminal case in February of 2016.  See Doc. 64 in 5:15-cr-0009.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. This case is dismissed without prejudice for plaintiff's failure to keep the Court apprised of his proper mailing address.

**DONE AND ORDERED** this *22nd* day of April, 2016

> *s/Maurice M. Paul*
> Maurice M. Paul, Senior District Judge